UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EVANDA JOSEPH CHANEY,

    Plaintiff,

v.                               CASE NO. 3:25-cv-405-MMH-SJH

DONALD JOHN TRUMP,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Motion"), Doc. 2, filed by Evanda Joseph Chaney ("Plaintiff"). For the reasons that follow, the undersigned respectfully **recommends** that the Motion be **denied** and this action be **dismissed without prejudice**.

**I.**     **Standard**

The Court may allow a plaintiff to proceed without prepayment of fees or costs where such plaintiff has demonstrated through the filing of an affidavit that the plaintiff is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even if a motion sufficiently demonstrates a plaintiff meets the financial criteria to proceed *in forma pauperis*, however, the Court is also obligated to review the case pursuant to § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also *sua sponte* dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

A pleading stating "a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction …; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought …." Fed. R. Civ. P. 8(a). In addition, a party must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Though *pro se* pleadings are construed liberally: (i) such liberal construction does not permit a court "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"; and (ii) *pro se* litigants must "comply with the rules of procedure." *LaCroix v. W. Dist. of Ky.*, 627 F. App'x 816, 818 (11th Cir. 2015);[1] *Carvel v. Godley*, 404 F. App'x 359, 361 (11th Cir. 2010).

II. **Background**

Plaintiff initiated this action by filing a Complaint for a Civil Case ("Complaint") against President Donald J. Trump ("President Trump"), Doc. 1, accompanied by the Motion, Doc. 2. On May 9, 2025, the undersigned entered an Order ("Prior Order") taking the Motion under advisement and outlining various

---

[1] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000); 11th Cir. R. 36–2.

deficiencies in the Complaint. Doc. 5.

Among other deficiencies, the Prior Order explained that Plaintiff's Complaint: (i) failed to articulate any reason the Complaint was not barred by Presidential and/or sovereign immunity, *id.* at 2-3; (ii) failed to adequately allege standing, *id.* at 3-4; and (iii) even liberally construed, did not contain any cognizable statement of the claim showing entitlement, demand for relief, factual allegations, discernable cause(s) of action, and/or clear articulation of what relief was requested on what ground(s), *id.* at 4. The Prior Order thus directed Plaintiff to file an amended pleading in compliance with the Prior Order and all applicable rules and law, warning that Plaintiff's failure to do so would likely result in a recommendation that the Motion be denied and that this action be dismissed without prejudice. *Id.* at 5.

Plaintiff filed her Amended Complaint for a Civil Case ("Amended Complaint") on May 22, 2025. Doc. 6. As set forth herein, the Amended Complaint does not adequately address most[2] of the fundamental issues outlined in the Prior Order and is therefore due to be dismissed without prejudice.

### III. Analysis

Among other limitations, federal courts, which are courts of limited jurisdiction, may adjudicate only actual cases and controversies. *Mack v. USAA Cas. Ins.*, 994 F.3d 1353, 1356 (11th Cir. 2021). A critical component of the case-or-controversy

---

[2] The Amended Complaint does demand payment of $1,290,000, Doc. 6 at 4, but the basis for this demand is unclear and the other deficiencies outlined above and below remain. As with the Prior Order, this Report and Recommendation is not meant to address all potential deficiencies in Plaintiff's pleading.

3

requirement is the doctrine of standing, which at its "'irreducible constitutional minimum'" requires "a plaintiff have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Id.* (citation omitted). A mere "generalized grievance" against allegedly illegal government conduct is insufficient to confer standing. *United States v. Hays*, 515 U.S. 737, 743 (1995); *see also Silva v. McNamee*, No. 3:24-cv-949-MMH-PDB, 2024 WL 4529701, at *2 (M.D. Fla. Sept. 26, 2024), *report and recommendation adopted*, 2024 WL 4529252 (M.D. Fla. Oct. 18, 2024). These requirements were outlined in the Prior Order, which explained that the Complaint did not adequately allege the requisite standing. Doc. 5. at 3-4. Upon review of the Amended Complaint, Doc. 6, it similarly fails to adequately allege standing, such that dismissal without prejudice for lack of jurisdiction is warranted, *see, e.g., Hays*, 515 U.S. at 743 (1995); *Silva*, 2024 WL 4529701, at *2.

In addition, notwithstanding the admonition in the Prior Order, Doc. 5 at 2, it remains unclear whether Plaintiff sues President Trump in an individual or official capacity, *see* Doc. 6. To the extent Plaintiff asserts an individual-capacity claim, President Trump enjoys absolute immunity to suits for damages for acts done while carrying out the presidency. *See Nixon v. Fitzgerald*, 457 U.S. 731, 748-49 (1982); *Carlson v. Bush*, No. 6:07-cv-1129-Orl-19UAM, 2007 WL 3047138, at *3 (M.D. Fla. Oct. 18, 2007). To the extent Plaintiff asserts an official-capacity claim, such is in effect a suit against the United States, which is entitled to sovereign immunity absent a plaintiff's substantive right to relief and an explicit Congressional consent authorizing such relief.

4

*See Fuqua v. Turner*, 996 F.3d 1140, 1156-57 (11th Cir. 2021); *Swank, Inc. v. Carnes*, 856 F.2d 1481, 1483 (11th Cir. 1988); *Freeman v. President of United States By & Through Biden*, No. 0:23-cv-60074-KMM, 2023 WL 11885178, at *2 (S.D. Fla. Apr. 26, 2023). As with the Complaint, and notwithstanding the instructions in the Prior Order, Doc. 5 at 2-3, Plaintiff has not articulated any reason the Amended Complaint is not barred by Presidential and/or sovereign immunity, Doc. 6.

Finally, even liberally construed, Plaintiff's Amended Complaint still does not contain any cognizable statement of the claim showing entitlement to relief.[3] *See* Fed. R. Civ. P. 8(a). To the contrary, the vague and conclusory Amended Complaint lacks factual allegations to plausibly allege a discernable cause of action. *See* Doc. 6. It appears Plaintiff may be seeking relief under the Indian Gaming Regulatory Act, 25 U.S.C. § 2701 *et seq.* ("IGRA"). Doc. 6 at 3-4. But where the IGRA provides a private cause of action, it does so explicitly, and Plaintiff has not cited any basis for a cause of action by her against President Trump under the IGRA. *See, e.g.*, *Fla. v. Seminole Tribe of Fla.*, 181 F.3d 1237, 1248-49 (11th Cir. 1999) (outlining the "multitude of express remedies" in the IGRA and declining to recognize another implied right of action);

---

[3] A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Though detailed factual allegations are not required to satisfy this standard, Fed. R. Civ. P. 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

*Tamiami Partners By & Through Tamiami Dev. Corp. v. Miccosukee Tribe of Indians of Fla.*, 63 F.3d 1030, 1049 (11th Cir. 1995) (declining to recognize implied right of action under the IGRA, noting that Congress provided "*other* private rights of action and did so explicitly"); *Upstate Citizens for Equal., Inc. v. Salazar*, No. 5:08-cv-0633(LEK/DEP), 2010 WL 827090, at *13 (N.D.N.Y. Mar. 4, 2010) (explaining general lack of private cause of action for citizen challenges under the IGRA).

### IV. Conclusion

Despite the instructions in the Prior Order, Plaintiff's Amended Complaint remains deficient. The undersigned thus recommends that this action be dismissed without prejudice.[4] Accordingly, it is respectfully **recommended** that:

1. The Motion (Doc. 2) be **denied**.

2. This action be **dismissed without prejudice**.

3. The Clerk of Court be **directed** to terminate any pending motions and close this file.

### Notice

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve

---

[4] Given that some of the defects are jurisdictional, the undersigned recommends dismissal without prejudice, which is consistent with the warning in the Prior Order. Given the Prior Order and opportunity for amendment, however, the undersigned recommends such dismissal without further leave to amend.

6

and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on June 5, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

The Honorable Marica Morales Howard, United States District Judge

*Pro Se* Plaintiff